STATE OF CONNECTICUT *v.* SHARON MOBLEY
(11754)

O'CONNELL, FOTI and CRETELLA, Js.

Argued September 23—decision released November 23, 1993

*Shawn G. Tiernan,* assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Joseph Harry,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the revocation of her probation. On March 13, 1991, the defendant pleaded guilty under the *Alford*[1] doctrine to one count of threatening in violation of General Statutes § 53a-62 and one count of reckless endangerment in violation of General Statutes § 53a-63. The trial court *Clark, J.,* sentenced the defendant to three months in the custody of the commissioner of correction on the threatening count and a concurrent one year sentence on the reckless endangerment count. Execution of both sentences was suspended and the defendant was placed on probation for two years.

On December 23, 1991, an arrest warrant was issued charging the defendant with violating a condition of

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

her probation mandating alcohol abuse evaluation and treatment. Following an evidentiary hearing, the trial court *Levin, J.,* found her in violation of her probation and, on September 8, 1992, sentenced the defendant to a total effective term of imprisonment of one year, execution suspended after three months, and eighteen months probation.

The defendant raises the following claims on appeal: (1) the trial court improperly found that the office of adult probation had imposed the conditions of her probation; (2) the imposition of those conditions by the office of adult probation violated her due process and confrontation rights; (3) General Statutes § 53a-30 (b) conflicts with General Statutes § 53a-30 (c); (4) the evidence was insufficient to show that alcohol abuse and treatment was necessary; and (5) the trial court improperly admitted into evidence a letter under the business records exception to the hearsay evidence rule.[2] We affirm the judgment of the trial court.

In a detailed and comprehensive memorandum of decision the trial court analyzed the defendant's first four claims consistently with the law. *State v. Mobley,* 42 Conn. Sup. 574, 634 A.2d 305 (1993). As to the first four arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Daw's Critical Care Registry, Inc.* v. *Department of Labor,* 225 Conn. 99, 102, 662 A.2d 518 (1993); *Bank of Boston Connecticut* v. *Brewster,* 32 Conn. App. 215, 217, 628 A.2d 990 (1993).

Because the fifth issue did not involve the trial court's final resolution of the case but challenges a midtrial evidentiary ruling, it was not included in the trial

---

[2] The defendant included this claim as part of her fourth issue on appeal. We have elected to treat it separately.

court's memorandum of decision. Accordingly, we undertake our own analysis of the issue.

The hearsay issue arose during the testimony of the defendant's probation officer, Paul Steel. Steel testified that he had referred the defendant to the Connecticut Mental Health Center for evaluation for alcohol abuse and had received a letter from the center advising that the defendant would have to participate in treatment for alcohol abuse. The defendant flatly and unequivocally refused on numerous occasions to participate in treatment.[3] This testimony, which came into evidence without objection, was sufficient to establish the probation violation.

Consequently, we do not reach the question of the admissibility of the letter from the Connecticut Men-

---

[3] The following excerpts from the transcript contain testimony of Paul Steel:

"[State's Attorney]: Did you attempt to arrange a treatment program for the defendant?

"[Steel]: I attempted to, yes.

"[State's Attorney]: What happened when you attempted to do this?

"[Steel]: I was in the process of calling a facility on the phone and was informed by the defendant not to bother.

"[State's Attorney]: The defendant told you not to bother?

"[Steel]: That's correct.

"[State's Attorney]: Did you inform her of what the consequences were if she refused?

"[Steel]: Absolutely.

"[State's Attorney]: What did you say to her?

"[Steel]: I informed her that failure to comply with any special conditions of her probation would result in a violation of her probation.

"[State's Attorney]: What was her response to you, if any?

"[Steel]: She said she would rather go to jail than go to treatment.

* * *

"[State's Attorney]: What I am trying to establish is, did you give her more than one opportunity to submit to treatment?

"[Steel]: Numerous opportunities.

"[State's Attorney]: And she refused?

"[Steel]: Yes, she did."

tal Health Center concerning the defendant's refusal to participate in treatment. Even if we assume, arguendo, that the defendant was correct, it would avail her nothing. An erroneous ruling is not reversible error if the evidence admitted thereby is merely cumulative of evidence that has otherwise properly entered the case. *Swenson* v. *Sawoska,* 215 Conn. 148, 155, 574 A.2d 206 (1990); *State* v. *Magnano,* 204 Conn. 259, 285, 528 A.2d 760 (1987). The probation violation was proven by Steel's direct testimony that the defendant refused to receive treatment for alcohol abuse.

The judgment is affirmed.

In this opinion the other judges concurred.