TOBIN, J.
 

 This court granted summary judgment in favor of the plaintiff on March 30, 1995. The defendant filed an appeal from the court’s decision on May 26, 1995. Pursuant to Practice Book § 4059 and the request of the clerk of the Appellate Court, the court files the present memorandum to articulate further its decision to grant summary judgment in favor of the plaintiff.
 

 The plaintiff, Federal Home Loan Mortgage Corporation, as assignee of the original mortgagee, Bank Mart, brought this action to foreclose on a note and mortgage
 
 *88
 
 issued to the defendants, Laurance and Kathleen Bardinelli. On December 6, 1994, Laurance Bardinelli (the defendant) filed an answer and three special defenses. The first two special defenses were withdrawn by the defendant on December 28, 1994. In the third special defense, which, on January 19, 1995, was found to be legally sufficient by the court,
 
 Hauser, J.,
 
 the defendant alleged that “the plaintiff failed to give notice to the defendant of his rights pursuant to paragraph 19 of the mortgage deed.”
 

 On February 9, 1995, the plaintiff filed a motion for summary judgment supported by a memorandum of law, an affidavit and other documentary evidence. On February 21, 1995, the defendant filed a memorandum in opposition.
 

 “[S]ummary judgment [is a method of resolving litigation when] pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” (Internal quotation marks omitted.)
 
 Scrapchansky
 
 v.
 
 Plainfield,
 
 226 Conn. 446, 450, 627 A.2d 1329 (1993). “In ruling on a motion for summary judgment, the trial court’s function is not to decide issues of material fact, but rather to determine whether any such issues exist.”
 
 Cortes
 
 v.
 
 Cotton,
 
 31 Conn. App. 569, 575, 626 A.2d 1306 (1993). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.” (Internal quotation marks omitted.)
 
 Johnson
 
 v.
 
 Meehan,
 
 225 Conn. 528, 535, 626 A.2d 244 (1993). “Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.” (Internal quotation marks omitted.)
 
 Hammer
 
 v.
 
 Lumberman's Mutual Casualty Co.,
 
 214 Conn. 573, 578, 573 A.2d 699 (1990).
 

 
 *89
 
 In the present case, the plaintiffs affidavit, the defendant’s admissions and the parties’ documentary evidence establish that the defendant executed the note and mortgage and that the defendant is in default. The court finds that there are no genuine issues of material fact with respect to these issues.
 

 The issue that remains is whether the plaintiff provided notice to the defendant in accordance with the provisions of paragraph nineteen of the mortgage deed. Paragraph nineteen provides in relevant part: “Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleratrion . . . and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale.”
 

 The defendant raises a special defense in which he alleges that the plaintiff failed to comply with the provisions of paragraph nineteen. The plaintiff submitted a copy of a notice of default letter dated July 6, 1994, sent to the defendant by the plaintiffs predecessor in interest. The defendant does not claim that he did not receive this letter. Upon review, the court concludes that the letter complies with the mandates of paragraph nineteen in that it notifies the defendant: (a) of the default; (b) of the actions he may take to cure the default; (c) of the possibility of acceleration and foreclosure; (d) of the defendant’s right to reinstate after acceleration; and (e) of the defendant’s right to assert; certain defenses in a court proceeding.
 

 
 *90
 
 Nevertheless, an issue remains as to whether the defendant was given thirty days to cure default, as mandated by paragraph nineteen. In opposing the motion for summary judgment, the defendant argues that the letter is ambiguous regarding the commencement of the thirty day period within which he could cure the default. The defendant argues that “thirty days from the date of this letter” could be construed as thirty days from: (1) the date the letter was drafted; (2) the date the letter was postmarked; or (3) the date the letter was received. The plaintiff contends that the letter explicitly states that the defendant could have cured the default by remitting the amount stated in the letter “within thirty (30) days from the date of this letter.” Thus, the plaintiff contends that the “date of this letter” is the July 6, 1994 date stated in the letter.
 

 In
 
 Fortune Savings Bank
 
 v.
 
 Thibodeau,
 
 Superior Court, judicial district of New Haven, Docket No. 330358 (November 17, 1992)
 
 (Vertefeuille,
 
 J.), a case relied on by the defendant, the court addressed the issue of whether the notice of acceleration given to a mortgagor was adequate in light of the requirements stated in the subject mortgage deed. The language of the mortgage deed in
 
 Thibodeau
 
 is identical to the language in paragraph nineteen of the present mortgage deed. In
 
 Thibodeau,
 
 the notice sent to the mortgagor stated only that “this is your thirty (30) day notice to reinstate your loan,” without stating when the thirty day period began to run. Thus, the court in
 
 Thibodeau
 
 found that the notice was insufficient because it did not state a specific, “clear and unequivocal” date by which the default could be cured. The court reasoned that the notice was not clear as to whether the thirty day period ran from the date of mailing or the date of receipt. Thus, the court precluded the plaintiff from seeking foreclosure due to the insufficient notice of default.
 

 
 *91
 
 In the present case, the notice given by the plaintiff to the defendant differs significantly from the notice given in
 
 Thibodeau
 
 in that the notice in the present case clearly and unequivocally states that the thirty day period began to run “thirty (30) days from the date of this letter.” In
 
 Source One Mortgage Services
 
 v.
 
 Schwartz,
 
 Superior Court, judicial district of Middlesex, Docket No. 68700 (December 5, 1994)
 
 (Aurigemma,
 
 J.), the court was presented with a mortgage deed that contained a “paragraph 19” similar- to the present paragraph nineteen. In that case, the plaintiff sent the defendants a letter dated August 4, 1992, stating that payment had to be received by September 4, 1992, in order to cure the default. The court held that the default notice substantially complied with the thirty day requirement contained in the mortgage deed.
 

 The court concludes that the default notice in the present case is not ambiguous as to the date that the thirty day period began to run. While the letter does not state that the defendant had until August 6, 1994 (i.e., thirty days from July 6, 1994) to cure the default, the notice, in stating that the defendant had thirty days from the date of the letter (i.e., thirty days from July 6, 1994) to cure the default, was sufficiently clear- and unambiguous so as properly to advise the defendant of his rights. Thus, the court finds that the plaintiff substantially complied with the notice requirements stated in paragraph nineteen of the mortgage deed.
 

 Accordingly, because there are no genuine issues of material fact with respect to the defendant’s default, and because the notice of default given by the plaintiff to the defendant was sufficient, the court grants the plaintiffs motion for summary judgment.