## FEDERAL HOME LOAN MORTGAGE CORPORATION v. LAURANCE R. BARDINELLI ET AL. (14850)

Dupont, C. J., and O'Connell and Heiman, Js.

Argued October 27—decision released December 12, 1995

*Margaret J. Slez*, for the appellant (named defendant).

*Leanne M. Kinsley*, for the appellee (plaintiff).

PER CURIAM. The defendant Laurance R. Bardinelli[1] appeals from the judgment of foreclosure by sale following the granting of the plaintiff's motion for summary judgment. He claims that the trial court improperly granted the motion for summary judgment and, consequently, improperly rendered the subsequent foreclosure judgment because the notice of default did not comply with the mortgage deed. We affirm the judgment of the trial court.

The record discloses that on September 15, 1989, the defendant executed a promissory note payable to the plaintiff's predecessor.[2] This note was secured by a mortgage deed on property at 4 Leighton Road in Trumbull. In early 1994, the defendant defaulted in payment.

Paragraph nineteen of the mortgage deed required that before the plaintiff could accelerate the entire unpaid balance due on the note, it must notify the borrower of his right to cure the default. The portion of paragraph nineteen at issue in this appeal provides: "The notice shall specify . . . a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured . . . ."

In accordance with paragraph nineteen, the plaintiff's predecessor sent the defendant a letter dated July 6, 1994, which stated that "to cure the default condition, you must remit $5,731.75 to our office . . . within thirty (30) days from the date of this letter." The defendant contends that this notice was inadequate because it did not specify a date by which the default could be cured.

---

[1] We refer in this opinion to Laurance R. Bardinelli as the defendant. Laurance Bardinelli's former wife, Kathleen A. Bardinelli, also executed the note and mortgage. On August 29, 1991, Kathleen Bardinelli quitclaimed her interest to Laurance Bardinelli. Although she is named as a defendant in this action, Kathleen Bardinelli has not participated in the case or the appeal.

[2] The original mortgagee, Bank Mart, assigned the note and mortgage to the plaintiff on October 22, 1991.

The plaintiff filed a motion for summary judgment that the trial court granted after concluding that there was no genuine issue of material fact. Following the defendant's reservation of his right to appeal pursuant to Practice Book § 4002,[3] the trial court rendered a judgment of foreclosure by sale.

Our examination of the record and briefs and consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the summary judgment issue in a manner consistent with the law. *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 44 Conn. Sup. 85, 667 A.2d 1315 (1995). Because that memorandum addresses the argument raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on this issue. "It would serve no useful purpose for us to repeat the discussion contained therein." *State* v. *Mobley*, 33 Conn. App. 103, 105, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994); *LaValley* v. *Correia*, 33 Conn. App. 41, 43, 632 A.2d 1143 (1993).

The defendant contends that the rendering of the foreclosure judgment was improper. This contention, however, is not based on the merits, but is predicated on the defendant's claim that the trial court improperly granted summary judgment. Because the motion for summary judgment was properly rendered, there was no impediment to the rendering of the judgment of foreclosure by sale.

The judgment is affirmed.

---

[3] Practice Book § 4002 provides in pertinent part: "A judgment . . . which disposes of certain of the issues . . . may be treated as a final judgment for the purpose of an appeal . . . . Alternatively, the party or parties may reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes . . . provided, in such a case, that notice of such reserving of appeal shall be filed in the trial court . . . ."