IN RE KARRLO K. ET AL.*
(13992)

O'Connell, Lavery and Heiman, Js.

Argued November 2, 1995—decision released January 9, 1996

*Richard T. Miller*, certified legal intern, with whom was *Ronald E. Sobieraj*, for the appellant (respondent mother).

*James Kelly*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney gen-

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

eral, and *Susan T. Pearlman* and *Michael J. Besso*, assistant attorneys general, for the appellee (petitioner).

PER CURIAM. The commisioner of children and families filed a petition seeking to terminate the parental rights of the respondent mother and the respondent father regarding their minor child Karrlo and a petition seeking to terminate the parental rights of the respondent mother (the biological father was listed as "unknown") regarding her minor child Tyler.[1]

After a full trial, the court found that the respondent had abandoned her children, had failed to rehabilitate herself, and that she had no ongoing parent-child relationship with either Karrlo or Tyler. The court found that each of these grounds had been established by clear and convincing evidence and further found that the children's best interests would be served by the termination of the respondent's parental rights. The trial court therefore granted the petition to terminate the parental rights of the respondent as well as the rights of the father.

The respondent appealed to this court claiming that the trial court (1) improperly continued the termination of parental rights proceedings after determining that the respondent was incompetent, (2) improperly determined the children's best interests, (3) violated the Americans with Disabilities Act; 42 U.S.C. § 12101 et seq.; (4) improperly determined that the petitioner had proven by clear and convincing evidence that there was no ongoing mother-child relationship, and (5) improperly determined that the petitioner had proven by clear and convincing evidence that the children had been abandoned by the respondent.

---

[1] Although the father's parental rights were also terminated, he did not contest the petition or participate in this appeal. We therefore use the term respondent to refer solely to the mother.

We are persuaded by our examination of the record, briefs and arguments of the parties, that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *In re Karrlo K.*, 44 Conn. Sup. 101, 669 A.2d 1249 (1995). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The judgment is affirmed.