[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO REOPEN DEFAULT
The defendants in this case were defaulted by the court on November 16, 1995 in response to the plaintiff's motion for default for failure to disclose a defense. On February 13, 1996, the defendants' present counsel filed his appearance in lieu of that of the attorney who represented the defendants at the time of the default and, two days later, moved to set aside the default. In support of that motion, the defendants claim, inter alia, that they have good defenses which they wish to interpose, specifically defenses arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and General Statutes §51-345(d).
The defendants correctly note that, since no judgment has yet been rendered against them pursuant to the default, they are not required to make the Practice Book § 375 showing that "A good cause of action or defense in whole or in part existed at the time of the rendition of such judgment . . ." Rather, they are proceeding under Practice Book § 376, which provides:
 A motion to set aside a default where no judgment has been rendered may be granted by the court for a good cause shown upon such terms as it may impose. As part of its order the court may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent.
Although § 376 of the Practice Book does not specifically require a showing that a good defense exists, the concept of "good cause shown" certainly contains within it the proposition that, if the reason for opening a default is to interpose a defense that is untenable as a matter of law, then "good cause" has not been shown. Although normally the place to test the sufficiency of a defense would be upon the filing of a motion to strike, where a defendant has already been defaulted for failure to disclose a defense and then seeks to undo that default by disclosing something which, even if the facts supporting it are true, do not constitute a defense as a matter of law, then there has not been a showing of "good cause" for depriving the plaintiff of the benefit of the default which he sought and obtained. CT Page 3215
Under the circumstances of this case, therefore, the court looks to the defenses sought to be interposed by the defendants. The court further notes that, in response to its invitation, both parties have thoroughly briefed the issue of whether these are viable defenses.
Had the defendants disclosed these "defenses" in response to a demand for disclosure of defenses, the defendants' reliance onJennings v. Parsons, 71 Conn. 413 (1899) would be well placed. Because they did not do so, but rather seek to undo their default by proffering them at this stage, Jennings v. Parsons does not apply.
The court has not been made aware of any case in which a party has been allowed to assert a violation of the Fair Debt Collection Practices Act as a defense to an action on the underlying debt. In this regard, it is important to remember that the purpose of the Act is to provide civil or criminal liability for those who engage in unscrupulous debt collection practices, but not to contest the validity of the underlying debt. Baker v.G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982). A debtor does not lose his right to bring an action under the Act independent of the action seeking payment of the debt. See Peterson v. UnitedAccounts, Inc., 638 F.2d 1134 (8th Cir. 1981). Defenses based upon alleged violations of the Fair Debt Collection Practices Act have been held by a Superior Court not to constitute valid defenses to a foreclosure action. First Constitution Bank v.Inhitar, Docket No. CV92-0333074S, 1992 W.L. 331686 **3 (Celotto, J., November 2, 1992). Although that was a foreclosure action, and this is an action on a note, the basis for that court's holding was the fact that the Act provides an independent claim of civil or criminal liability, not a defense to a debt.
In seeming recognition of the fact that the Fair Debt Collection Practices Act itself does not provide a defense to the underlying debt, the defendants argue further that, even if not defenses in their own right, the claims being asserted under that Act may be used as a basis for a defense based on the Connecticut Unfair Trade Practices Act (CUTPA) General Statutes § 42-110a, et seq. They cite Connecticut National Bank v. Voog,233 Conn. 352 (1995) in support of their claim that CUTPA may be used as a defense to a debt collection action.
Although that case did not involve an underlying claim based CT Page 3216 on the Fair Debt Collection Practices Act, the defendants correctly point out that a Trade Practice is considered "unfair" under CUTPA if it violates some common law, statutory or other established regulated conduct. See Chem Tek, Inc. v. GeneralMotors Corp., 816 F.2d 123 (D.Conn. 1993). See also Lindberg v.Transworld Systems, Inc., 846 F. Sup. 175 (D.Conn. 1994).
Given the posture of this case, namely an effort to reopen a default for failure to disclose a defense, the court would be disinclined to grant that motion if it were based solely on the claim that a special defense grounded in an alleged violation of the Fair Debt Collection Practices Act was to be interposed. Because, however, CUTPA provides the possibility of a special defense grounded in a violation of that Act, and given the fact that the default entered while the defendants were represented by previous counsel who failed to disclose a defense, this court is of the opinion that good cause has been shown, and that the default should be opened.
This decision should not be viewed as a final determination of whether a claim based on the Fair Debt Collection Practices Act, either alone or in combination with CUTPA, is a valid specified defense. Once actually interposed by the defendant, the plaintiff is free to file an appropriate motion contesting its validity. The motion to reopen is therefore granted, provided that the defendant must file its answer and any special defenses within two weeks of the date of this Order.
Jonathan E. Silbert, Judge