DEWITT LEWIS ET AL. *v.* MICHAEL MATTEO ET AL. (14029)

O'Connell, Lavery and Hennessy, Js.

Argued March 29—officially released June 18, 1996

*Margaret J. Slez*, with whom, on the brief, was *Anthony F. Slez*, for the appellants (plaintiffs).

*Rita Steinberger*, pro se, the appellee (defendant), with whom, on the brief was *Mary E. Wexler*.

PER CURIAM. This appeal arises out of an action brought by the plaintiffs to prove ownership by adverse possession of a parcel of land that abuts the property on which they reside. The adverse possession action was the plaintiffs' second attempt to establish ownership of the parcel. The first attempt was a quiet title action alleging title to the parcel by warranty deed.

In the quiet title action, the defendants filed a special defense that the plaintiffs could not acquire the parcel by adverse possession. The plaintiffs responded to the special defense that they were not claiming ownership by adverse possession. The action was tried to an attorney trial referee, who concluded that the plaintiffs had not claimed title by adverse possession and that they had failed to prove ownership by deed.[1] The trial court rendered judgment for the defendants in accordance with the referee's findings.

Subsequently, the plaintiffs filed the adverse possession action that is the subject of this appeal. Before rendering judgment, the trial court asked the parties to submit posttrial briefs addressing the defendants' special defense that the adverse possession action was barred by res judicata. After briefs were submitted, the trial court rendered judgment for the defendants.

The plaintiffs claim that the trial court improperly (1) held that the decision in the prior quiet title action had res judicata effect on the plaintiffs' subsequent adverse possession claim, and (2) rendered judgment

---

[1] The attorney trial referee, however, recommended judgment for the plaintiffs on land lying beneath a building that they already owned.

for the defendants in conflict with default judgments rendered against other defendants.[2]

We are persuaded by our examination of the record, briefs and arguments of the parties, that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Lewis* v. *Matteo*, 44 Conn. Sup. 189, 679 A.2d 426 (1995). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The judgment is affirmed.

---

[2] In their second claim, the plaintiffs raise issues concerning the effect of default judgments against nonappealing defendants. The parties who were defaulted were not part of the trial court's judgment on the merits and were not involved in this appeal. We therefore do not address the propriety or effect of default judgments against the nonappealing defendants.