REPUBLIC INSURANCE COMPANY *v.* PAT DINARDO AUTO SALES, INC., ET AL.
(14562)

O'Connell, Lavery and Hennessy, Js.

Argued March 29—officially released June 18, 1996

---

*Janine M. Becker*, with whom, on the brief, was *Daniel Shepro*, for the appellants (defendants).

*Brett L. Whitton*, for the appellee (plaintiff).

PER CURIAM. The plaintiff, as surety, and the defendants, as principals, executed a surety bond for the completion of subdivision improvements for the town of Monroe by the defendants. The plaintiff executed this bond in consideration for the defendants' signing an indemnity agreement that provided in part that the defendants would indemnify the plaintiff "from and against any and all liability, loss, costs, damages, attorney's fees and expenses of whatever kind or nature which [the plaintiff] may sustain or incur by reason or in consequence of executing any such bond or bonds as surety. . . ."

The defendants subsequently breached the terms of their contract with Monroe. As a result of that breach, Monroe filed an action against the plaintiff as surety and the defendants as principals on the bond. In accordance with the findings of an attorney trial referee, the trial court rendered judgment against both the plaintiff and the defendants.

In satisfaction and discharge of its obligation under that judgment, the plaintiff paid Monroe $91,000 and then brought this action against the defendants to recover monetary damages pursuant to the indemnity agreement. In rendering judgment in the present case, the trial court awarded the plaintiffs moneys paid under the surety bond, interest, costs and attorney's fees.

The defendants claim that the trial court improperly (1) concluded that collateral estoppel did not bar the plaintiff's claim, (2) interpreted Public Acts 1993, No. 93-370, and (3) applied Public Acts 1993, No. 93-370, retroactively to its claim.

We are persuaded by our examination of the record, briefs and arguments of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Republic Ins. Co.* v. *Pat Dinardo Auto Sales, Inc.*, 44 Conn. Sup. 207, 678 A.2d 516 (1995). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 788, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 105, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The judgment is affirmed.