[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 111
This action was commenced by the plaintiff, Chase Manhattan Financial Services, Inc., to foreclose on a note and mortgage issued to the defendants, William and Lynn Ashcroft. The plaintiff has submitted an affidavit which indicates that the defendants have not paid the monthly installments due under the note and mortgage since August 24, 1996. The defendants have not presented evidence to the contrary. The defendants have, however, raised five special defenses and a counterclaim which are based upon the assertion that the plaintiff failed to properly accelerate the loan. The acceleration was improper, the defendants claim, because the plaintiff failed to specify a date by which the breach could be cured.
The controlling provision of the mortgage states that "upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying . . . a date, not less than 5 days from the date the notice is mailed to Borrower, by which such breach must be cured." (Mortgage, ¶ 17.) In a letter dated October 8, 1996, the plaintiff advised the defendants that "[y]ou have thirty (30) days from the date of this letter to cure the stated default."
In Home Federal Loan Mortgage Corp. v. Bardinelli, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317504, (September 14, 1995, Tobin, J.) (16 CONN. L. RPTR. 97,1 Conn. Ops. 1171), aff'd, 39 Conn. App. 786, 667 A.2d 806
(1995), the court interpreted a similar mortgage provision. The provision in that CT Page 13591 case stated that "[t]he notice shall specify . . . a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured." Id., 1172. Subsequent to the defendant's default, the plaintiff sent a letter dated July 6, 1994 which stated that the defendant had thirty days from the date of the letter to cure the default. Id. The court opined that "[w]hile the letter does not state that the defendant had until August 6, 1994 (i.e., thirty days from July 6, 1994) to cure the default, the notice, in stating that the defendant had thirty days from the date of the letter (i.e., thirty days from July 6, 1994) to cure the default, was sufficiently clear and unambiguous so as to properly advise the defendant of his rights." Id. Thus, the court concluded that the letter substantially complied with the mortgage provision. Id.
In Midconn Bank v. Mattera, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 461831 (January 16, 1997, Holzberg, J.) (19 CONN. L. RPTR. 56,3 Conn. Ops. 256), the court dealt with a mortgage provision that was identical to the one in Bardinelli. The court stated that the provision "requires the plaintiff to specify `a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured.' The January 4, 1996 letter satisfies this requirement. It specifies that full payment of all overdue sums must be made `within 30 days from the date of this letter, which is the date that this letter is being sent to you.'" Id., 257.
The foregoing case law indicates that the plaintiff substantially complied with paragraph 17 of the mortgage. Plaintiff's motion for summary judgment is granted.
Nadeau, J.