[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
I have examined Public Act No. 98-140, § 6, which amended General Statutes § 52-577c, together with the legislative history of that Public Act.[1] Whether, in light of a change inthe statute; see Republic Ins. Co. v. Pat Dinardo Auto Sales,44 Conn. Sup. 207, 211-218, 678 A.2d 516 (1995), affirmed (per curiam), 41 Conn. App. 686, 677 A.2d 21 (1996); the substituted complaint is substantially different than the complaint ordered stricken by the court (O'Keefe, J.), within the rule of such cases as Parsons v. United Technologies Corporation,243 Conn. 66, 74, 700 A.2d 655 (1997); Royce v. Westport,183 Conn. 177, 179, 439 A.2d 298
(1981); Good Humor Corp. v. Ricciuti, 160 Conn. 133, 135,273 A.2d 886 (1970); Hillyer v. Winsted,77 Conn. 304, 306, 59 A. 40 (1904); P LProperties, Inc. v. Schnip Development Corp., 35 Conn. App. 46,49, 643 A.2d 1302, cert. denied, 231 Conn. 913,648 A.2d 155 (1994), and Nestor v. TravelersIndemnity Company, 41 Conn. App. 625, 627 n. 3,677 A.2d 475 (1996); ought not be determined on a request to revise. The objection to the request to revise, therefore, is sustained.
BY THE COURT
Bruce L. LevinJudge of the Superior Court
CT Page 15258