SMITH BROOK FARMS, INC. *v.* JOSEPH WALL ET AL.
(AC 17346)

Foti, Lavery and Daly, Js.

Argued December 1, 1998—officially released February 23, 1999

*Scott M. Karsten*, for the appellant (substitute plaintiff).

*Walter A. Twachtman, Jr.*, with whom was *Richard M. Quinlan*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The substitute plaintiff[1] appeals from the judgment of the trial court rendered in favor of the named defendant[2] on the plaintiff's complaint and for the defendant on his counterclaim. The plaintiff claims that the trial court improperly (1) found that there was insufficient evidence to support the plaintiff's claim for a prescriptive easement over the defendant's property, (2) made certain evidentiary rulings and (3) awarded damages on one count of the defendant's counterclaim alleging trespass. We affirm the judgment of the trial court.

The plaintiff's revised amended complaint was brought in three counts. The first count sought a declaratory judgment declaring an easement over the defendant's property by adverse possession or by prescription. The second count sought damages for the alleged obstruction of that easement. The third count sought to quiet title to the property in question. The defendant's counterclaim alleged trespass and slander of title, and also sought to quiet title to the property in question.

Our examination of the record and briefs persuades us that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a

---

[1] For purposes of this appeal, we refer to George M. Purtill as the sole plaintiff. A predecessor plaintiff, Smith Brook Farms, Inc., was not a party in the plaintiff's revised amended complaint dated March 29, 1994.

[2] For purposes of this appeal, we refer to Joseph Wall as the sole defendant. Additional defendants named in the plaintiff's complaint, but not parties to this appeal, are City Federal Savings Bank, Fleet Bank, N.A., Advest Bank and the Federal Deposit Insurance Corporation acting as receiver of the assets of Sentinel Bank.

manner consistent with our statutes and case precedents. *Smith Brook Farms, Inc.* v. *Wall*, 45 Conn. Sup. 515, 725 A.2d 1003 (1997). Because that memorandum addresses most arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

Because certain claims do not involve the trial court's final resolution, but do challenge certain evidentiary rulings or factual findings of the trial court, we undertake our own analysis of those claims. See *State* v. *Mobley*, 33 Conn. App. 103, 105–106, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

"To acquire a right-of-way by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. . . . Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusion could not reasonably be reached." (Citations omitted; internal quotation marks omitted.) *Robert S. Weiss & Co.* v. *Mullins*, 196 Conn. 614, 618–19, 495 A.2d 1006 (1985). "The trier's determination of facts will be disturbed only when those findings are clearly erroneous." *DiSorbo* v. *Grand Associates One Ltd. Partnership*, 8 Conn. App. 203, 206, 512 A.2d 940 (1986). We cannot conclude on the basis of the record before us[3] that the trial court's finding that the plaintiff had failed to sustain his burden of proving a prescriptive right was improper as a matter of law based on the

---

[3] The plaintiff did not file a motion for articulation or for rectification.

facts supported by the evidence in the record. See *Shea* v. *Gavitt*, 89 Conn. 359, 363, 94 A. 360 (1915).

The plaintiff argues that the trial court failed to give sufficient weight to certain evidence presented and rejected certain evidence and testimony from the plaintiff's witnesses. "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Smith*, 183 Conn. 121, 123, 438 A.2d 842 (1981). After thoroughly reviewing the entire record in this case, we cannot conclude that the trial court abused its discretion in its evidentiary rulings or in evaluating the witnesses' credibility.

The judgment is affirmed.

