[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE AND COUNTERCLAIM
The plaintiff brought this action to foreclose a mortgage on property owned by the defendant Cynthia A. Choinski. It alleges an arrearage of payments of a promissory note secured by the mortgage. The named defendant filed seven special defense and a counterclaim in two counts. The plaintiff has moved to strike all special defenses and counterclaims. It argues that the special defenses are not recognized defenses to a mortgage foreclosure action in that they do not address the making, validity or enforcement of the note and mortgage, and that the defendant has no standing to raise violations of the National Housing Act as a defense (or as a counterclaim).
 Special Defense
The First Special Defense alleges the plaintiff failed to comply with the regulations of the U.S. Department of Housing and Urban Development (HUD) before commencing the foreclosure.
The Second Special Defense alleges the plaintiff did not properly accelerate the mortgage debt before commencing the foreclosure.
The Third Special Defense alleges the plaintiff did not complete and mail a Notice of Intention to Foreclose and Accelerate Mortgage Balance and report to Credit Bureau (NOI) before commencing the foreclosure.
The Fourth Special Defense alleges the plaintiff did not mail the NOT to the defendant Cynthia A. Choinski (Choinski) as CT Page 7284 provided by HUD regulations.
The Fifth Special Defense alleges the plaintiff failed to comply with HUD regulations and directive No. 1062.2 by failing to give the prescribed notice of rights with regard to default as required by HUD regulations.
The Sixth Special Defense alleges the lender failed to send Choinski a HUD prescribed delinquency and default counseling letter on a timely basis.
The Seventh Special Defense alleges the notice dated February 4, 1999, to "Occupant, 2 Vine St., Vernon, Ct. 06066" is in violation of the Fair Debt Collection Practices Act (FDCPA).
The first six special defenses are clearly addressed to the enforcement of the note and mortgage. Even limiting special defenses to the making, validity or enforcement of the mortgage, which are the defenses to an action for foreclosure at common law, Petterson v. Weinstock, 106 Conn. 436, 441 (1927), the allegations sufficiently.and appropriately raise special defenses. See Federal Home Loan Mortgage v. Markovich, 1994 WL 124348 (Conn.Supr.) (Satter, JTR); Midconn Bank v. Mattera, 1997 WL 66497 (Conn.Supr.) (Holzberg, J.); First Federal Bank ofConnecticut v. Zaviatsky, 1994 WL 86429 (Conn.Supr.) (Moraghan, J.).
The Court also finds that the defendant has standing to raise these special defenses. Contrary to the position of the plaintiff these special defenses are not predicated on violations of the National Housing Act, but rather are predicated on the explicit contract language of the mortgage deed and note, to wit:
1. Paragraph 9(a) of the mortgage deed states in relevant part:
 "Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument. . . ."
2. Paragraph 9(d) of the mortgage deed states in relevant part:
 "Regulations of HUD Secretary. In many CT Page 7285 circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration of foreclosure if not permitted by regulations of the Secretary."
3. Paragraph 6(B) of the note states in relevant part:
 "Default. If Borrower defaults by failing to pay in full any monthly payment, the Lender may, except as limited by regulations of the Secretary in the case of payment defaults — require immediate payment in full of the principal balance remaining due and all accrued interest."
The first six special defenses are based on the contract terms of the note and deed. Contracting parties are bound by their contractual terms.
As to the Seventh Special Defense, a claimed violation of the Fair Debt Collection Practices Act (FDCPA) is not addressed to the making, validity or enforcement of the note. The apparent purpose of the FDCPA is to provide civil or criminal liability for those who engage in unscrupulous debt collection practices, but not to contest the validity of the underlying debt. At least one Superior Court has held a violation of the FDCPA is not a valid defense to a foreclosure action. See First Federal Bank v.Craco and cases cited therein, 16 CLR 377, Superior Court, Judicial District of New Haven at Meriden, (1996) (Silbert, J.). This Court adopts the reasoning of Craco.
 Counterclaims
The first count of the counterclaim claims the defendant was damaged by the failure of the plaintiff to timely and properly notify the defendant of her rights with regard to default as required by the contract and HUD regulations referred to in the contract. The second count alleges the plaintiffs actions violated the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiff claims the defendant has no standing to claim damages for HUD violations. Its position is that only HUD can act to enforce violations of its regulations, not a private citizen. It claims that rephrasing the claim as a CUTPA violation does not CT Page 7286 confer jurisdiction over the subject matter.
The Court does not agree that the counterclaim is based on a violation of HUD regulations.
The defendant specifically claims in paragraph seven of the first count of the counterclaim, that the plaintiff failed to "timely and properly notify Choinski of her rights under the parties contracts. . . ." That the parties may have contracted to be bound by HUD regulations creates a private cause of action for an alleged violation. The counterclaim is premised on breach of contract between the parties and, as such, is enforceable by them. Aetna Casualty Surety Co, v. Murphy, 206 Conn. 409,412-13 (1988). The case of Roberts v. Cameron-Brown Company,410 F. Sup. 988 (1975) is distinguishable by its facts. In that case the mortgagor did not rely on contract terms, but alleged violations of the "HUD Handbook."
The same reasoning applies to the second "CUTPA" Count. The defendant is not precluded from raising that claim by any conflict of state-federal law.
Connecticut has adopted the "cigarette rule" to determine if a practice is unfair:
 1. Whether the practice offends public policy, though not previously considered unlawful.
 2. Whether it is minimal, unethical, oppressive or unscrupulous.
3. Whether it causes substantial injury to consumers.
All three criteria need not be satisfied to support a finding of unfairness. Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 106 (1992). In that case the court held that a violation of the federal Truth in Lending Act (TILA) could be a CUTPA violation. This Court cannot state as a matter of law, the CUTPA claim should be stricken.
 Conclusion
The Motion to Strike the first through sixth Special Defenses is denied. CT Page 7287
The Motion to Strike the seventh Special Defense is granted.
The Motion to Strike Counts one and two of the Counterclaim is denied.
Klaczak, J.