[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE SPECIAL DEFENSES #108
By complaint dated July 27, 1998, the plaintiff, GE Capital Mortgage Services, Inc., ("plaintiff"), filed a foreclosure action against the defendants, Charles Baker, Joanne C. Baker and James Holden, Jr., as trustee ("defendants"). The subject property is located at 2 Dartmouth Road in Greenwich, Connecticut ("property"). By way of background, Charles and Joanne Baker executed and delivered a note to Fairbank Mortgage Corporation. The note provided for a loan in the amount of one hundred seventy-five thousand dollars and a mortgage on the property. This note was later assigned by the Fairbank Mortgage Corporation to the plaintiff. The plaintiff now claims that the note is in default and is thus seeking to foreclose on the property. The defendants have answered to the complaint and have made seven special defenses. At issue is the plaintiff's motion to strike all seven special defenses. CT Page 8805
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384 650 A.2d 153 (1994). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). "The granting of a motion to strike a special defense is not a final judgment and is therefore not appealable." Mechanics Savings Bank v. Townley Corp.,38 Conn. App. 571, 573, 662 A.2d 815 (1995).
The plaintiff has filed a memorandum and motion to strike the seven special defenses. As required by the Practice Book § 10-42, the defendants have filed the required memorandum in opposition to the motion to strike the special defenses. The plaintiff, thereafter, filed a reply memorandum in response to the defendants' opposition. Each special defense will be addressed individually to determine whether it is legally sufficient.
The traditional defenses in a foreclosure case are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud . . . equitable estoppel . . . CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury . . . unconscionability of interest rate . . . duress, coercion, material alteration, and lack of consideration. . . . Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. . . . These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the CT Page 8806 mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fall to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.); see also Kahle v. Eagle, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159361 (December 19, 1997, Hickey, J.) (also discussing the applicable standard for special defenses in foreclosure cases).
First Special Defense
The plaintiff argues that the first special defense should be stricken because it cites no statutory authority and because it fails to attack the making, validity or enforcement of the note and mortgage. The first special defense provides that "[t]he defendants who are the owners of the equity of redemption are entitled to the protection of receiving any proceeds of sale from the foreclosure of the property being foreclosed and to the exemption from levy or appropriation for private residential homes." The defendants have not opposed the plaintiff's arguments. Moreover, the defendants have not alleged any recognized special defenses to foreclosure cases, either legal or equitable. Accordingly, the motion to strike the first special defense is granted.
Second Special Defense
The plaintiff argues that the second special defense should be stricken because it attacks the post default conduct of the plaintiff and fails to attack the making, validity or enforcement of the loan documents. The second special defense provides that "[t]he mortgage provides for notice with a sixty (60) day cure period; but the purported April 2, 1998 `[n]otice [o]f [d]efault and [d]emand [f]or [p]ayment ("[d]emand [l]etter"), provided for only thirty (30) days to cure." The defendants argue in opposition that their special defense is valid because the mortgage terms provided for 60 days notice to cure while the plaintiff's demand letter only provided the defendants with 30 days to make all past due payments.
A plaintiff has no duty to mitigate damages after there has CT Page 8807 been a default in a foreclosure case. See Berkeley Federal Bank Trust v. Rotko, supra, Superior Court, Docket No. 318648; GreatWestern Bank v. McNulty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139799 (March 16, 1995,D'Andrea, J.) (finding no duty to enter into restructuring discussions after default prior to foreclosure). Despite the above proposition the terms of a contract, here the mortgage, must be given their full effect because "[w]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) Lawson v. Whitey's Frame Shop, 241 Conn. 678, 686,697 A.2d 1137 (1997). Moreover, "[notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly . . ." (Citation omitted; internal quotation marks omitted.) Connecticut Housing Finance Authority v. JohnFitch Court Associates Ltd. Partnership, 49 Conn. App. 142, 149,713 A.2d 900, cert. denied, 247 Conn. 908, 719 A.2d 901 (1998); see also Federal Home Loan Mortgage Corp. v. Bardinelli,44 Conn. Sup. 85, 667 A.2d 1315, aff'd, 39 Conn. App. 786,667 A.2d 806 (1995) (discussing the importance of compliance with 30 day notice provisions in mortgages).
Because the demand letter stated 30 days, the defendants could not cure the defect as a matter of law by making past due payments on days 31 through 60, as provided by the explicit terms of the mortgage. As such, the defendants have asserted a legally cognizable special defense. The second prong of the test is also satisfied because the demand letter goes to the enforcement of the note/mortgage. Accordingly, the motion to strike the second special defense is denied.
Third Special Defense
The plaintiff argues that third special defense should be stricken because it attacks the post default conduct of the plaintiff. The third special defense provides that "[t]he [d]emand [l]etter was legally insufficient and/or improper in that it seemingly demanded payment of late charges which is contrary to Connecticut law." The defendant argues that the third special defense is legally sufficient in that "a lender may not charge post-acceleration late charges." Memorandum in Opposition to Motion to Strike Special Defenses, p. 4. CT Page 8808
The plaintiff's motion to strike the third special defense is granted. This result is necessary for two reasons. First, the special defense falls to allege sufficient facts to show whether it is challenging the sufficiency of pre or post acceleration late charges. Second, the Appellate Court in Federal Deposit Ins.Corp. v. Napert-Boyer Partnership, 40 Conn. App. 434, 443,671 A.2d 1303 (1996), adopted a district court's reasoning which held that "a plaintiff may not recover late charges once the note has been accelerated and demand for payment has been made on the defendants." "Nevertheless, pursuant to Practice Book § 164, the defendants must allege facts that demonstrate that the plaintiff has no cause of action. The fact that the plaintiff is not allowed post-acceleration interest does not show that the plaintiff is precluded from foreclosing on the property at issue. Moreover the amount of debt is determined at the time the motion for judgment is heard. . . ." (Citation omitted.) Monument Realtyv. Youmatz, Superior Court, judicial district of Litchfield, Docket No. 071092 (February 18, 1997, Pickett, J.T.R.) (18 Conn. L. Rptr. 589). Accordingly, the plaintiff's motion to strike the third special defense is granted.
Fourth Special Defense
The plaintiff argues that the fourth special defense should be stricken because it attacks the post default conduct of the plaintiff. The fourth special defense alleges that the demand letter was unclear because of confusion as to who was servicing the loan. The defendants argue in opposition that "upon receipt of the [d]emand [l]etter, [they] were unable to ascertain what, if any, authority GE Capital Mortgage Services, Inc. ("GECMSI") had in connection with collecting payments due under the mortgage. The letter simply states GECMSI is `servicer for the mortgage noteholder.'" Memorandum in Opposition to Motion to Strike Special Defenses, p. 5.
This special defense does not go to the making, enforcement or validity of the note/mortgage. In addition, the defendants cite no case law which shows that the fourth special defense is legally sufficient. Accordingly, the plaintiff's motion to strike the fourth special defense is granted.
Fifth Special Defense
The plaintiff argues that the fifth special defense should be stricken because the mortgage was properly recorded in the CT Page 8809 Greenwich land records. The fifth special defense provides that "[t]he complaint is legally deficient and/or factually erroneous in that in paragraph two thereof, the mortgaged property is recited to be in New Haven, Connecticut whereas, the defendants have never mortgaged to the plaintiff or its assignees any property in New Haven, Connecticut." The defendants have offered no opposition to the plaintiff's arguments.
Again, in order for a special defense to be valid it must go to the making, validity or enforcement of the note or mortgage. Here, the fact that New Haven County was mistakenly recited in the complaint does not go to the validity of the note. Accordingly, the plaintiff's motion to strike the fifth special defense is granted.
Sixth Special Defense
The plaintiff's argue that the sixth special defense should be stricken because it fails to plead sufficient facts and does not allege a defense to a foreclosure action. The sixth special defense provides that "[a]lthough a factual/legal investigation has not been completed, it appears that both the plaintiff and its assignor failed to comply with the notification requirements of the Federal Real Estate Settlement Procedures Act ("RESPA")." The defendants argue in opposition that their special defense is legally sufficient in as much as they were not given notice of the mortgage assignment by either the plaintiff or Fairbank Mortgage Corporation, a requirement under 12 U.S.C. § 2605.
This court has already held that a violation of RESPA "does not invalidate the mortgage agreement and thus, does not provide a defense to a foreclosure action." Security Pacific NationalBank v. Robertson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124622 (August 28, 1997,Hickey, J.). Therefore, there would be no legally cognizable special defense even assuming arguendo that the defendants plead sufficient facts in their special defense. Accordingly, the plaintiff's motion to strike the sixth special defense is granted.
Seventh Special Defense
The plaintiff's argue that the seventh special defense and the amendment thereto should be stricken because a violation of the Fair Debt Collection Practices Act is not a valid defense to a foreclosure action. The seventh special defense and the amended CT Page 8810 seventh special defense allege in pertinent part the Federal Fair Debt Collection Act might have been violated in that the plaintiff after having commenced this action, made unsolicited direct offers to the defendants to work out their problems and/or to discuss options which may be available to the defendants. The defendants argue in opposition that the Fair Debt Collection Act,15 U.S.C. § 1692, might have been violated and that such violation is a valid defense to a foreclosure action.
Defenses based upon alleged violations of the Fair Debt Collection Practices Act have been held by a Superior Court not to constitute valid defenses to a foreclosure action. . . ." (Citation omitted.) First Federal Bank v. Craco, Superior Court, judicial district of New Haven at Meriden, Docket No. 249553 (April 2, 1996, Silbert, J.) (16 Conn. L. Rptr. 377). Therefore, there would be no legally cognizable special defense even assuming arguendo that the defendants plead sufficient facts in their special defense. Accordingly, the plaintiff's motion to strike the seventh special defense and the amendment thereto is granted.
The plaintiff's motion to strike the special defenses is granted as to each and every special defense but for the second special defense. Accordingly, the second special defense remains and all of the others are hereby stricken.
HICKEY, J