******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE NOAH R.-R.*
## (AC 48482)

Cradle, C. J., and Seeley and Lavine, Js.

### *Syllabus*

The respondent father appealed from the judgment of the trial court terminating his parental rights with respect to his minor child. The father claimed that the court improperly determined that it was in the child's best interest to terminate his parental rights. *Held*:

The judgment of the trial court was affirmed, as that court aptly addressed the arguments raised in this appeal and this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues.

Argued May 29—officially released June 30, 2025**

### *Procedural History*

Petition by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor child, brought to the Superior Court in the judicial district of Hartford, Juvenile Matters, where the petition was withdrawn as to the respondent mother; thereafter, the case was tried to the court, *Hon. Stephen F. Frazzini*, judge trial referee; judgment terminating the respondent father's parental rights, from which the respondent father appealed to this court. *Affirmed*.

*Matthew C. Eagan*, assigned counsel, for the appellant (respondent father).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the court.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018); we decline to identify any person protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

** June 30, 2025, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Nisa Khan*, assistant attorney general, with whom were *Chelsea Ruzzo*, assistant attorney general, and, on the brief, *William Tong*, attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent father, Jorge R.-M., appeals from the judgment of the trial court terminating his parental rights with respect to his minor child, Noah R.-R. (Noah).[1] On appeal, he claims that the court improperly determined that it was in Noah's best interest to terminate the respondent's parental rights. We disagree and affirm the judgment.

After a trial on the petition to terminate the respondent's parental rights, the court, *Hon. Stephen F. Frazzini*, judge trial referee, found that the Department of Children and Families had made reasonable efforts to locate the respondent and reunify him with Noah, that the respondent was unwilling or unable to benefit from those efforts, that Noah previously had been adjudicated neglected, and that, after having been provided specific steps for reunification with Noah, the respondent failed to achieve the degree of personal rehabilitation as would encourage the belief that, within a reasonable time and considering the age and needs of Noah, the respondent could assume a responsible position in Noah's life. See General Statutes § 17a-112 (j) (3) (B) (i) and (ii). Additionally, the court found that Noah had "been denied, by reason of an act or acts of parental commission or omission, including but not limited to . . . severe physical abuse or a pattern of abuse, the care, guidance or control necessary for [Noah's] physical, educational, moral or emotional well-being . . . ."

---

[1] The petition filed by the petitioner, the Commissioner of Children and Families, initially also sought to terminate the parental rights of the respondent mother, Madelei R. The petitioner, however, withdrew the petition as to the respondent mother prior to trial. In this opinion our references to the respondent are to the father only.

General Statutes § 17a-112 (j) (3) (C). In the dispositional phase of the termination proceeding, the court concluded that, in light of the factors in § 17a-112 (k), termination of the respondent's parental rights was in Noah's best interest. Accordingly, the court rendered judgment terminating the respondent's parental rights. This appeal followed.

The sole claim the respondent raises on appeal is that the court improperly determined that it was in Noah's best interest to terminate the respondent's parental rights. We are persuaded by our examination of the record, briefs[2] and arguments of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents and made factual findings that are supported by the record. *In re Noah R.-R.*, Superior Court, judicial district of Hartford, Juvenile Matters, Docket No. CP-21-019080-A (December 19, 2024). Because that memorandum addresses the arguments raised in this appeal,[3] we adopt the trial court's well reasoned decision as a proper statement

---

[2] The attorney for the minor child has filed a statement adopting the position set forth in the petitioner's brief.

[3] We note that the respondent included a subsection entitled "[t]he least restrictive means" in the argument section of his brief to this court. The petitioner construed this subsection as an attempt by the respondent to state a claim that he had a substantive constitutional right to the least restrictive disposition, which the termination of his parental rights violated, and argued that such claim was inadequately briefed. At oral argument before this court, the respondent's counsel advised that it was not the respondent's intention to raise a constitutional "least restrictive means argument" and he conceded that, had it been, such claim would have been inadequately briefed. See, e.g., *In re S. F.*, 229 Conn. App. 1, 11 n.7, 326 A.3d 609 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.)), cert. denied, 350 Conn. 932, 326 A.3d 1108 (2024).

of the facts and applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996); see also *Kennynick, LLC* v. *Standard Petroleum Co.*, 222 Conn. App. 234, 237, 305 A.3d 632 (2023); *Trejo v. Yale New Haven Hospital, Inc.*, 218 Conn. App. 781, 786, 293 A.3d 111, cert. denied, 346 Conn. 1027, 295 A.3d 945 (2023).

The judgment is affirmed.