### ADELAIDE KAGAN *v.* JON ALANDER, COMMISSIONER OF HUMAN RESOURCES (14178)

O'Connell, Spear and Hennessy, Js.

Argued February 20—officially released July 9, 1996

*Joseph P. Secola*, with whom, on the brief, was *Vincent P. McCarthy*, for the appellant (plaintiff).

*Nyle K. Davey*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff, Adelaide Kagan, appeals from the judgment of the trial court upholding the decision of the department of human resources[1] (department) to revoke her family day care home license. The plaintiff claims (1) that the statute, regulations and department procedure that require her to consent to an inspection as a condition of holding her license are unconstitutional on their face and as applied to her and (2) that the trial court improperly upheld the department's conclusion that she was not in substantial com-

---

[1] Currently the department of social services.

pliance with the regulations. We affirm the judgment of the trial court.

The plaintiff maintained a family day care home. When a department inspector arrived at the home to perform an inspection pursuant to General Statutes (Rev. to 1993) § 17-585 (b), now § 19a-87e, and §§ 17-31q-12, 17-31q-14 and 17-31q-21 of the Regulations of Connecticut State Agencies, the plaintiff refused to consent to entry to the home. After a hearing, the department revoked the license on the basis of the plaintiff's refusal to consent to the inspection. The plaintiff appealed to the trial court, which rendered judgment in favor of the department. The plaintiff appeals to this court from the judgment of the trial court.

We are persuaded by our examination of the record, briefs and arguments of the parties, that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Kagan* v. *Alander*, 44 Conn. Sup. 223, 680 A.2d 1015 (1994). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 633 A.2d 726 (1993).

The judgment is affirmed.