SOUTHEASTERN CONNECTICUT REGIONAL
RESOURCES RECOVERY AUTHORITY ET AL.
*v.* AMERICAN REF-FUEL COMPANY OF
SOUTHEASTERN CONNECTICUT
(15911)

AMERICAN REF-FUEL COMPANY OF
SOUTHEASTERN CONNECTICUT *v.*
CONNECTICUT RESOURCES RECOVERY
AUTHORITY ET AL.
(16270)

Heiman, Hennessy and Spallone, Js.

Argued January 27—officially released April 15, 1997

*Roger E. Koontz*, with whom were *Robert E. Wright* and, on the brief, *William B. Heinrich*, for the appellants (plaintiffs in the first case, defendants in the second case).

*William H. Narwold*, with whom was *William H. Bright, Jr.*, for the appellee (defendant in the first case, plaintiff in the second case).

PER CURIAM. Southeastern Connecticut Regional Resources Recovery Authority (Southeastern Recovery) and Connecticut Resources Recovery Authority (Connecticut Recovery) appeal from the judgment of the trial court denying their application to vacate an

arbitration award in favor of American Ref-Fuel Company of Southeastern Connecticut (Ref-Fuel) and granting Ref-Fuel's application to confirm the arbitration award. On appeal, Southeastern Recovery and Connecticut Recovery claim that the trial court improperly failed to hold that (1) the arbitration award must be based on the service agreement as required by the submission,[1] (2) the arbitrator exceeded his powers and failed to issue a mutual, final and definite award and (3) the arbitrator exceeded his powers by issuing an award that manifestly disregarded the law. We affirm the judgment of the trial court.

Southeastern Recovery is a subdivision of the state of Connecticut that provides solid waste disposal services to its member municipalities. Connecticut Recovery is also a subdivision of the state of Connecticut that develops solid waste processing and disposal facilities. Ref-Fuel is a company that constructed and operates a waste to energy facility (facility) located in Preston. In December, 1987, Connecticut Recovery and Ref-Fuel entered into a service agreement, under which Ref-Fuel agreed to construct and operate the facility to provide waste processing services, and Connecticut Recovery agreed to issue bonds to finance the facility and to pay Ref-Fuel a service fee for its costs and services. Under a separate agreement between Southeastern Recovery and Connecticut Recovery, Southeastern Recovery agreed to deliver waste from its member municipalities to the facility and to pay the costs incurred by Connecticut Recovery under its service agreement with Ref-Fuel. Fees to cover those costs are collected by Southeastern Recovery from its member municipalities under separate waste management agreements. The service fees

---

[1] "The submission . . . defines the scope of the entire arbitration proceeding by specifically delineating the issues to be decided. . . . No matter outside that submission may be included in the award." (Citations omitted.) *Board of Education* v. *AFSCME*, 195 Conn. 266, 271–72, 487 A.2d 553 (1985).

payable to Ref-Fuel from Connecticut Recovery are based on an estimate formula in the parties' agreement and are payable on a monthly basis.

Following the 1993-1994 contract year,[2] a dispute arose as to the amount due from Connecticut Recovery to Ref-Fuel for service fees and the interest on previous service fee underpayments. Pursuant to the service agreement, the parties agreed to submit their dispute to an independent third party for binding arbitration. On August 25, 1995, the independent third party rendered his final decision and awarded Ref-Fuel a total of $2,523,469.89. Southeastern Recovery and Connecticut Recovery filed an application to vacate and Ref-Fuel filed an application to confirm. The trial court confirmed the arbitration award. Southeastern Recovery and Connecticut Recovery appeal to this court from the judgment of the trial court.

We are persuaded by our examination of the record, briefs and arguments of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision,[3] the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Southeastern Connecticut Regional Resources Recovery Authority* v. *American Ref-Fuel Co.*, 44 Conn. Sup. 482, 692 A.2d 874 (1996). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us

---

[2] The contract year runs from July 1 to June 30.

[3] The trial court memorandum that we adopt, filed on March 22, 1996, addresses only the application to vacate. On July 22, 1996, the court granted Ref-Fuel's application to confirm by notation at the end of the application and incorporated that decision in the consolidated judgment rendered on both files. The judgment states: "The court, having heard the parties . . . makes, in these consolidated actions, the findings set forth in its memorandum of decision . . . filed on March 22, 1996."

to repeat the discussion contained therein. See *Kagan* v. *Alander*, 42 Conn. App. 92, 677 A.2d 1391 (1996); *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 633 A.2d 726 (1993).

The judgment is affirmed.