[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8213
The plaintiff, Naek Construction Co., Inc. (hereafter "Naek") was the general contractor for the construction of the Troop C State Police Barracks in Tolland, Connecticut. Its general contract was with the State of Connecticut (hereafter "State"). Naek entered into a subcontract with the defendant, Wilcox Excavating Construction Company, Inc. (hereafter "Wilcox") for the site excavation portion of the project, said subcontract being dated May 27, 1993. Certain disputes arose between the parties resulting in termination of the aforementioned subcontract. In June of 1994, Wilcox commenced an arbitration proceeding under the arbitration clause in the subcontract. Naek filed a counterclaim. Under the rules of the American Arbitration Association (hereafter "AAA"), Attorney Daniel Marmelstein of Suffield, Connecticut, (hereafter "Arbitrator") was chosen as the sole arbitrator. The parties have conceded that he has a background in construction law and extensive experience in arbitration. After thirty-four days of hearings the Arbitrator made his award on June 5, 1996. On July 3, 1996 Naek filed a motion to vacate the arbitration award with this court. On July 24, 1996 Wilcox filed its answer and a cross-application to confirm the arbitration award. Both parties have filed several briefs, and there has been extensive oral argument by both parties before this court. On December 30, 1996, the court, with the consent of the parties and with agreement as to the language, sent to the Arbitrator a Request for Articulation. By documents dated March 14, 1997, the Arbitrator filed his Articulation of the Arbitrator's Award (hereafter "Articulation").
Naek claims that the award should be vacated because there were defects in the award that fall under CGS § 52-418 (a)(3) and (4).[1] More specifically, Naek claims that the Arbitrator accepted and used evidence from Wilcox that was proffered after the close of the evidence and that the Arbitrator did not follow the procedures set forth in the submission which require the Arbitrator to follow the procedures of arbitration that would be used in an arbitration of the prime contract between Naek and the State. Naek claims that these procedures or provisions are set forth in CGS § 4-61 (d) and (e).[2] Naek claims that since the submission included the sub-contract, § 6.1 thereof should have applied.
Section 6.1 states as follows: CT Page 8214
 "Any controversy or claim between the contractor and Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise."
In response Wilcox claims that § 6.1 refers only to claims "arising out or related to this subcontract," and, therefore, the submission is pursuant to the subcontract, not to other documents such as the prime contract between Naek and the State, (hereafter "prime contract") and, further, that Naek waived any claim that the submission was not unrestricted by not admitting the prime contract into evidence at the arbitration hearings and by accepting and conforming to the AAA Construction Industry Rules throughout the arbitration.[3] Also, Wilcox claims that CGS § 4-61 does not apply in this case. Additionally, Wilcox denies that any "new" evidence was introduced through the Appendix it presented, that what was presented was merely summaries and comparisons of portions of evidence already admitted. Wilcox also asserts that its brief and appendix were filed on March 25, 1996 and that Naek filed its objections thereto on March 26, 1996 but did not request a hearing thereon even though the Arbitrator had informed the parties that he was keeping the hearings open beyond the submission of briefs. On April 30, 1996, the Arbitrator granted three of Naek's objections and denied four and declared the hearings closed. (See Naek's original brief dated July 30, 1996 (Exhibit 12)).
STANDARD OF REVIEW
The determination of the issues before this court has to be CT Page 8215 based upon the evidence submitted to it with the briefs of the parties. Further, it is plaintiff's burden to produce sufficient evidence to invalidate the award. Awards based upon consensual arbitration are subject to only minimal judicial intervention. See Metropolitan District Commission v. AFSCME, 37 Conn. App. 1
(1995). Every reasonable presumption and intendment must be indulged in favor of the award. Cashman v. Sullivan DoneganP.C., 23 Conn. App. 24 (1990). Unless the submission provides otherwise, an Arbitrator has authority to decide factual and legal questions, and courts will not review the evidence, or where the submission is unrestricted, the Arbitrator's determination of legal questions. O G/O'Connell Joint Venturev. Chase Family Limited Partnership, 203 Conn. 133 (1987). "When the scope of the submission award is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." SCRRA v. AmericanRe-Fuel Co. of Southeastern Connecticut, 44 Conn. Sup. 482, 484,485 (1997) affirmed, 44 Conn. App. 728 (1997). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains expresses language restricting the breadth of the issues, reserving explicit rights, or conditioning the award on court review." Id. 485.
ISSUES:
1. Was the award in accordance with the submission? Wasit, therefore, unrestricted? The submission was the subcontract between the parties. Article I of the subcontract does say that "the subcontract documents consist of . . . (2) the Prime Contract, consisting of the Agreement between the Owner and Contractor . . ." (State of Connecticut and Naek). Article 6.1 of the subcontract provides that arbitration ". . . shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor . . . If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . ". This court finds no evidence that a signed prime contract between the State and Naek, either a copy or the original, was before the Arbitrator. Plaintiff claims it was incorporated by reference, but assuming that is true, an executed prime contract should have been submitted to the Arbitrator to ensure its accuracy and to advise the Arbitrator of its arbitration provisions. It was not the duty of CT Page 8216 the Arbitrator to seek out the prime contract. As for the Arbitrator taking into account the provisions of CGS § 4-61, there was no responsibility to do so unless the Arbitrator had the opportunity to read an accurate copy of the prime contract. For all he knew, the procedures for arbitration may have been deleted in the actual signed prime contract. Further, there is no credible evidence before the court that plaintiff ever informed the Arbitrator prior to the award of its belief that CGS § 4-61 should have been followed. It wasn't until after the extensive hearings and the issuing of the award on June 5, 1996 that plaintiff requested the Arbitrator to modify the award by following CGS § 4-61. Plaintiff did this on June 12, 1996, and the Arbitrator denied the request on June 19, 1996. See exhibits 3 and 4 of plaintiff's July 31, 1996 brief. Plaintiff did not even make this request during the period between the filing of briefs and the time to which the Arbitrator extended the closing of hearings, April 30, 1996. By submitting to the arbitration procedures under the Construction Industry Rules of the AAA, by failing to request procedures under CGS § 4-61
until after the award and by failing to submit an accurate,signed copy or original of the prime contract, this court finds that the plaintiff waived any rights it may have had to the procedures of CGS § 4-61. The award conformed to the submission, which was unrestricted, and on that basis alone, the court is not required to go any further. It should be noted that if plaintiff wanted the Arbitrator to decide which items he was required to pay Wilcox because of additions so he could obtain reimbursement from the State, Naek should have requested it either in the submission or at some time prior to the Award being made. Any prejudice plaintiff may have endured was of its own making.
2. Assuming, arguendo, that CGS § 4-61 did apply, this court finds that the Award was in compliance with same.
As noted in footnote two, CGS § 4-61 (d) provides in pertinent part that "Hearings shall be scheduled . . . that shall ensure that each party shall have reasonable time and opportunity to prepare and present its case . . . ." The Arbitrator held 34 separate hearings. They commenced in June, 1995 and continued intermittently until the proceedings were closed on April 30, 1996. (Page 2 of plaintiff's July 31, 1996 brief). Suffice it to say that the plaintiff has not sustained its burden, even by the low standard of preponderance of the evidence, of proof that the Arbitrator violated CGS § 4-61 (d) CT Page 8217
As for CGS § 4-61 (e), it provides in pertinent part that the Arbitrator after the hearings shall issue in writing:
"1. Findings of Fact
 2. A decision in which the arbitrators interpret the contract and apply it to the facts found, and
3. The award."
There is no question that a written award was made on June 5, 1996. Findings of Fact were clearly set out in the award and in the Arbitrator's articulation dated March 14, 1997 in which he broke down the amounts awarded and described them. The descriptions in Tabs B and C, i.e. "surveyor's mistakes, additional cost for protection due to project hold-up, cost to correct work not acceptable, cost to complete the Mizzy contract less Wilcox remaining", clearly show to those in the construction industry the basis of the awards as they are applicable to the terms of the contract. The plaintiff has failed to sustain its burden of proof that the Arbitrator did not comply with CGS §4-61 (d) and 4-61 (e).
OTHER ISSUES:
The only other issue raised by plaintiff is its claim that the Arbitrator accepted and used evidence from Wilcox that was submitted after the close of the evidence. Wilcox claims that this evidence was merely a summary and/or a comparison of evidence already introduced. Naek also claims that it was submitted without affording Naek the opportunity to challenge the "new evidence". However, the record shows that following the submission of the "new evidence" by Wilcox with its post-trial brief, Naek filed a lengthy objection to same dated March 26, 1996, and although the Arbitrator had advised the parties that he was keeping the hearings open beyond the submission of briefs, until April 30, 1996, the plaintiff never requested a hearing. It is clear that the Arbitrator considered the objection[4] and on April 30, 1996, as to Naek's objections to Wilcox's new claims in the brief, he denied one and granted the other. As to Naek's objection to Wilcox's inclusion of new evidence, he granted objections as to appendices 4, 7 and 9 and had these appendices removed from his copy of the brief. He allowed appendices 1, 2, 3 CT Page 8218 and 8 to remain intact as "an aide to the arbitrator."
The plaintiff has not sustained its burden of proving the material was evidence or new evidence, or that under the circumstances Naek was deprived of a full and fair hearing. Accordingly, it has not sustained its burden of proof that the Arbitrator was guilty of misconduct in any of the ways described in CGS § 52-418 (3) nor has it sustained its burden of proof that the Arbitrator violated CGS § 52-418 (4). Based upon the totality of the evidence, the Arbitrator did not exceed his powers or so imperfectly execute them as described, because the court does find that "a material, final and definite award upon the subject matter submitted was . . . made."
Based upon the above findings and reasons by the court and the applicable law as stated under Standard of Review herein,the Naek motion to vacate the award is denied, and the Wilcoxmotion to confirm the award is granted.
Rittenband, Judge