[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO VACATE OR MODIFY ARBITRATION AWARD AND APPLICATION TO CONFIRM ARBITRATION AWARD
The Award was issued as part of a labor grievance arbitration proceeding held before a three-member panel of the Connecticut State Board of Mediation and Arbitration. That arbitration involved the City of Hartford (hereinafter "City") and the Hartford Police Union (hereinafter "Union"), the latter being the exclusive labor bargaining agent for police officers employed by the City. As is usual in public sector collective bargaining relationships, the Agreement between the City and the Union provides for binding arbitration of unresolved labor grievances between the parties.
The grievant, Jacqueline Middleton, at all relevant times was employed by the Hartford Police Department as a police officer and was a member of the Union. On February 28, 1997 Officer Middleton was arrested by the Bloomfield and Hartford Police Departments following an on-duty incident involving the pursuit and apprehension of a suspect. She was charged with Assault in the Second Degree, Reckless Endangerment in the First Degree, Hindering Prosecution in the Second Degree, Fabricating Physical Evidence, Falsely Reporting an Incident and Conspiracy to Fabricate Physical Evidence. On the same date she was charged with violating the Hartford Police Department's Code of Conduct Sections 1.00, 7.01 and 2.10 and was suspended from duty without pay pending the outcome of the matter either through criminal court and/or Police Department Administrative Procedures.
Her suspension was issued pursuant to Appendix A, Paragraph 6(a) of the Collective Bargaining Agreement between the parties (hereinafter "Agreement") which provides in relevant part: "No officer shall be suspended without pay until a disciplinary hearing has been conducted . . . unless he or she has been arrested for a felony . . ." The parties agree that Officer Middleton was arrested for a felony and the Union has not challenged the suspension. However, following a court trial on the CT Page 1669 criminal charges against her, Officer Middleton was acquitted on April 4, 2001.
Following the acquittal, Officer Middleton was advised that there would be an investigation of the circumstances leading to her arrest, and upon the completion of the investigation she was charged with violating the aforementioned sections of the Hartford Police Department's Code of Conduct. She was ordered to appear for a disciplinary hearing on August 30, 2001. Following the hearing, the Hearing Officer concluded that Officer Middleton was not guilty of the charges against her. By letter dated January 22, 2002, the Chief of Police of Hartford advised Officer Middleton that he concurred with the Hearing Officer and that Officer Middleton would be reinstated from suspension effective January 22, 2002.
The City has paid economic damages to Officer Middleton from the date of her acquittal in criminal court, April 10, 2001 to the date of her reinstatement, January 22, 2002. However, the City has refused to pay economic damages from the date of her suspension on February 28, 1997 to the date of her acquittal on April 10, 2001. The Union filed a grievance seeking reinstatement with full back pay and benefits. The grievance was processed through the steps of the grievance procedure and ultimately to arbitration before the Connecticut State Board of Mediation and Arbitration.
The issue agreed upon by the City and the Union and submitted jointly to the Arbitration Panel (hereinafter "Panel") was:
 Did the City of Hartford violate Appendix A of the CBA when it failed to reinstate Officer Jacqueline Middleton to active duty with back pay, benefits (including vacation, holiday, earned and sick leave, pension benefits, medical benefits and continuity of service) after being acquitted of criminal charges stemming from a 2/14/97[1] on duty incident?
If so, what shall be the remedy?
On June 25, 2002 the Panel issued its Decision which is as follows:
 The grievance is sustained and the Grievant shall receive the difference between her earnings and benefits she received from outside employment during her suspension and the earnings and benefits she would have had if she was not suspended from February 28, 1997 through and including January 22, 2002. This remedy includes payment of back wages, unreimbursed medical expenses, restoration of sick, vacation and CT Page 1670 other accrued time and restoration of seniority, lost pension credit and all items associated and incidental to lost pension benefits.
By application dated July 24, 2002 the City has moved to vacate or modify the Arbitration Award, and by Application dated August 19, 2002 the Union moved to confirm the Arbitration Award. A hearing was held before this Court on January 23, 2003 at which all parties were present or represented.
 STANDARD OF REVIEW
The determination of the issues before this Court has to be based upon the evidence submitted to it with the briefs of the parties. Further, it is plaintiff's burden to produce sufficient evidence to invalidate the award. Awards based upon consensual arbitration are subject to only minimal judicial intervention. See Metropolitan District Commission v.AFSCME, 37 Conn. App. 1 (1995). Every reasonable presumption and intendment must be indulged in favor of the award. Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24 (1990). Unless the submission provides otherwise, an Arbitrator has authority to decide factual and legal questions, and courts will not review the evidence, or where the submission is unrestricted, the Arbitrator's determination of legal questions. OG/O'Connell Joint Venture v. Chase Family LimitedPartnership, 203 Conn. 133 (1987). "When the scope of the submission award is unrestricted, the resulting award is not subject to de novo review for errors of law so long as the award conforms to the submission." SCRRA v. American Re-Fuel Co. of Southeastern Connecticut,44 Conn. Sup. 482, 484, 485 (1997), aff'd., 44 Conn. App. 728 (1997). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of the issues, reserving explicit rights, or conditioning the award on court review." Id. 485. ". . . Any challenge to an award pursuant to CGS § 52-418 (2) (4) on the grounds that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award to the submission." Board of Education v. Local 818,5 Conn. App. 636, 639 (1985).
The City has cited CGS § 52-418 (a) (4) as a basis for the Court to vacate the Award. Said section reads as follows: ". . . or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
A leading case concerning the powers of the court to vacate an arbitration award is Garrity v. McCaskey, 223 Conn. 1 (1992). An CT Page 1671 arbitration award may be vacated on grounds of manifest disregard of the law under § 52-418 (a) (4) only when it "manifests an egregious or patently irrational application of the law. [This] ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's lack of fidelity to established legal principles." Id.
at 10.
". . . [where] the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts orthe interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission inunrestricted, will they review the arbitrators' decision of the legalquestions involved." Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 213 (1984) (emphasis added).
The City has also asked for a modification of the Award pursuant to CGS § 52-419. This Court finds that in this case said section is not applicable, and to carry out the desires of the City in regard to said section would be merely to have the effect of vacating the Award.
 ISSUES
"Should the Award Be Vacated Because It Contravenes Section 52-418 as the Panel Exceeded its Powers or so Imperfectly Executed Them that a Mutual, Final and Definite Award Upon the Subject Matter Submitted was Not Made?" Did the Award Conform to the Submission?
The City essentially claims that the Award did not draw its essence from the parties' Agreement. The answer to these questions is so clearthat this Court wonders why the Application to Vacate was evensubmitted. (Emphasis added.)
The parties concede that Appendix A, in particular page 41, is part of the Collective Bargaining Agreement. The City claims that under paragraph 6(a) there is no authority for the Panel to have made an award retroactive to the original date of Officer Middleton's suspension. Said paragraph reads as follows:
 No officer shall be suspended without pay until a disciplinary hearing has been conducted except as provided in paragraph (b) and (c) below or unless he or she has been arrested for a felony, a sexual offense and/or crime of larceny under the Connecticut Penal Code.
The parties have agreed that Officer Middleton was arrested for a CT Page 1672 felony and that the said paragraph applies. The City claims that there is no provision for back pay and benefits retroactive to the date of suspension.
However, the City overlooks paragraph 5 of said Appendix which states: "Police officers shall enjoy all legal rights guaranteed under the Constitution of the United States and the State of Connecticut and any other Federal or state statutes." (Emphasis added.)
This paragraph 5 clearly incorporates by reference CGS § 53-39a
which reads in pertinent part: "Indemnification of state police, StateCapitol police, certain special police and local police. Whenever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officershall be indemnified by his employing governmental unit for economicloss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred."[2] (Emphasis added.)
The Panel awarded payment of back wages, etc. as set forth in its Decision from February 28, 1997, the date of suspension through and including January 22, 2002. The Award is in conformity with the Submission. The Panel is correct in its decision in which it found that the City did violate Appendix A of the Agreement.
This Court further rejects the City's claim that the award contravenes CGS § 52-418.
The Application to Vacate or Modify Arbitration Award dated July 24, 2002 is denied. The Application to Confirm Arbitration Award dated August 19, 2002 is granted.
Rittenband, JTR